# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
# NORTHERN DIVISION

CHASE BURSON  # 31950-051                                                    PETITIONER

VERSUS                                        CIVIL ACTION NO. 3:15cv752-TSL-RHW

WARDEN BLACKMON                                                               DEFENDANT

## REPORT AND RECOMMENDATION

Petitioner Chase Burson filed this 28 U.S.C. § 2241 petition for writ of habeas corpus on October 20, 2015, claiming violation of his due process rights under the U.S. Constitution. The action arises from a July 28, 2014 disciplinary proceeding which resulted in Burson's losing 14 days of good conduct time for violating prison rules. The incident for which Burson was punished occurred at FPC Pensacola; he was incarcerated at FCC Yazoo City Low when he filed this lawsuit. Burson is serving a total term of 180 months for convictions in the United States District Court for the District of New Mexico for possession with intent to distribute drugs and carrying a firearm in furtherance of a drug trafficking crime. [8-2] His projected good conduct time release date is February 14, 2020. [8-2] Burson seeks expungement of the incident report charging him with violating prison rules.

According to the incident report, while inventorying Burson's property on July 18, 2014, Officer Robert Comer noticed suspiciously sealed boxes of crackers, snack bars and soap. When he inspected the containers, Comer discovered bundles of postage stamps–9,940 postage stamps[1] valued at $4,870.60– wrapped up inside the boxes. Comer issued Incident Report (IR) 2606977 charging Burson with "introduction of a non-hazardous tool–unauthorized item," Prohibited Act

---

[1]At FPC Pensacola, an inmate may possess no more than 60 first class stamps. [8-7, p. 4]

Code(s) "331, 305." [8-3] The stamps were confiscated as contraband, and Burson signed the confiscation form claiming he owned the stamps. [8-4]

Officer D. Lawrence investigated the matter and delivered a copy of the IR to Burson the same day it was issued. [ 8-1, pp. 4-5] On July 22, 2014, the Unit Disciplinary Committee (UDC) considered the IR, and Burson admitted possessing the stamps, stating he "made a mistake." [8-1, p. 4] The UDC referred the charge to the Disciplinary Hearing Officer (DHO) for further hearing. [8-3], [8-4] The notice of hearing delivered to Burson on July 22, 2014 advised him that a hearing before the DHO would be conducted, and detailed Burson's rights in the proceeding, *i.e.*, rights to have a written copy of the charge against him at least 24 hours prior to the hearing; to have a staff representative; to call witnesses and present documentary evidence; to present his own statement; to be present at the hearing; to be advised of the DHO's decision and the facts supporting it; and the right to appeal the decision via Administrative Remedy Procedure. Burson signed the notice acknowledging his rights. [8-5]

At the July 28, 2014 hearing before the DHO, Burson was again advised of his rights, and stated, "After I did it, I realized it was a bad idea, but by then, it was too late. I do a little bit of gambling. I promise I won't do it again." The DHO found Burson committed a violation of Code 331, introduction and possession of non-hazardous contraband, and dropped the Code 305 possession of an unauthorized item charge. The DHO further noted that this was Burson's fourth incident report during his incarceration for possession of excess stamps. The DHO imposed sanctions of 14 days disallowed good conduct time, 180 days loss of commissary privileges, and 60 days loss of telephone privileges. [8-1, pp. 1-2] The DHO stated the reason for the sanction:

> The action/behavior on the part of any inmate to introduce contraband into any correctional institution threatens the safety and security, not only of the inmate involved, but that of the entire institution. The DHO disallowed good time for

> this act due to the serious nature of the charge. You concealed contraband in your property with the intent to introduce it onto the compound at FPC Pensacola, a minimum security institution. The DHO imposed the sanctions of loss of commissary and phone privileges as punishment for committing the prohibited act and to make you accountable for your actions.

[8-1, p. 3]

After exhausting his administrative remedies, Burson filed the petition before this Court stating as grounds that his charge was changed from one which "would allow only for loss of commissary to one which would take good time credits;" that he admitted guilt only to violating code 305, not 331; and that the incident report was given to him vindictively because it stated violation of two code sections. [1, pp. 6-7]

## Law and Analysis

This Court's function in this case is not to redetermine Burson's guilt or innocence of the charge for which he was sanctioned, but to ensure that the disciplinary proceedings did not violate his right to due process. Because federal prisoners have a liberty interest in their accumulated good-conduct time, disallowance of good-conduct time which will result in extension of an inmate's confinement requires that the inmate be afforded due process. *Wolff v. McDonnell*, 418 U.S. 539 (1974). However "prison disciplinary proceedings are not part of a criminal prosecution, and the full panoply of rights due a defendant in such proceedings does not apply." *Id.*, 418 U.S. at 556. *Wolff* and the regulations governing prison disciplinary hearings, provide that due process is satisfied when the inmate receives a finding from an impartial decision maker, and is given (1) at least 24 hours advance written notice of the charges; (2) an opportunity to present witness testimony/statements and documentary evidence; (3) assistance at the hearing if needed; and (4) a written statement of the evidence relied on and the reason for the disciplinary action. *Id.*, 418 U.S. at 563-70; 28 C.F.R. § 541.1 *et seq*.

The evidence before this Court shows the required safeguards were met in Burson's case. He was provided notice of the charges ten days before the disciplinary hearing. He was afforded the opportunity to present his own statement and admitted possessing the stamps found hidden in his belongings. He offered no documentary evidence and requested no witnesses. He waived the right to have a staff representative assist him at the hearing. And he was provided a written statement of the evidence the DHO relied upon in imposing the disciplinary action, as well as the reason for the sanctions imposed.

Once the *Wolff* factors have been met, the Court's only function is "to review the statement of evidence upon which the decision-maker relied in making its findings to determine if the decision is supported by 'some evidence.'" *Watkins v. Winn*, 2013 WL 6823275m at *8 (D. Ariz. Dec. 24, 2013); see also *Freeman v. Rideout*, 808 F.2d 949, 954 (2nd Cir. 1986) ("Once a court has decided that the procedural due process requirements have been met, its function is to determine whether there is some evidence which supports the decision..."). In this case, the evidence upon which the DHO relied included Burson's admission that he possessed the stamps; the incident report and investigation; eight pages of photographs of the stamps; and the property confiscation form which Burson signed claiming ownership of the stamps. [8-1], [8-4, p. 2] The undersigned finds the evidence supports the decision of the DHO. Prison disciplinary proceedings are overturned "only where there is no evidence whatsoever to support the decision of the prison officials." *Pina v. Tamez*, 470 F.App'x 298, 299 (5th Cir. 2012) (quoting *Reeves v. Pettcox*, 19 F.3d 1060, 1062 (5th Cir. 1994).

As for the grounds Burson states in his petition, the undersigned finds no merit in his claim that the charge against him was changed. From the time the incident report was issued, Burson knew he was charged with possessing 9,940 postage stamps valued at $4,870.60, and, as

his own pleadings state, that the IR charged him "with a 305 and 331."[2]  [1, p. 7]  The advance written notice of charges which must be given an inmate prior to a hearing which results in loss of good-conduct time must provide the *factual* basis for the charge, not every available code charge.  *Holt v. Caspari*, 961 F.2d 1370-1373 (8th Cir. 1992) ("prison disciplinary committee did not deny petitioner due process by elevating charge from 'possession of contraband' to 'possession of dangerous contraband' because the factual basis for both charges was the same"); *Walls v. Dretke*, 2006 WL 1715770, at *12 (S.D. Tex. June 20, 2006) ("notice is adequate when it informs the prisoner of the facts he must defend against even where the offense originally charged is modified"); *Northern v. Hanks*, 326 F.3d 909, 911 (7th Cir. 2003) ("prison disciplinary proceeding did not violate inmate's due process rights where he was given advance notice of the original charge and it contained facts sufficient to apprise him that he could be subject to the modified charge").  Burson's own pleadings establish that he knew he was charged with two Code violations based on possession of the stamps, and that the DHO would proceed on one charge and "kick one back."  [1, p. 7]  Furthermore, under 28 C.F.R. § 541.3, both Code 331 and Code 305 are deemed "moderate severity level prohibited acts," for which available sanctions may include forfeiture of good-conduct time.

Burson's claim that he pled guilty to violating 305, not 331, fails for similar reasons.  The records before the Court show that Burson admitted possession of the stamps, *i.e.*, he admitted the *facts* charged in the incident report.  To the extent that this ground may be construed as challenging the sufficiency of the evidence to support the DHO's decision, it fares no better.  In

---

[2]Code 305 is defined as, "Possession of anything not authorized for retention or receipt by the inmate, and not issued to him through regular channels."  Code 331 is, "Possession, manufacture, introduction, or loss of a non-hazardous tool, equipment, supplies, or other non-hazardous contraband (tools not likely to be used in an escape or escape attempt, or to serve as a weapon capable of doing serious bodily harm to others, or not hazardous to institutional security or personal safety) ..."

*Superintendent, Massachusetts Correctional Institution v. Hill,* 472 U.S. 445 (1985), the Supreme Court set out the constitutional evidentiary standard to be used in judicial review of prison disciplinary actions, holding that due process is satisfied if there is "some evidence" to show that the inmate committed the offense. "[T]he relevant question is whether there is any evidence in the record that could support the conclusion reached by the disciplinary board." *Id.*, 472 U.S. at 455-56; *see also, Smith v. Rabalais*, 659 F.2d 539, 545 (5th Cir. 1981) ("No *de novo* review of the disciplinary board's factual finding is required, but the courts must consider whether at least the decision is supported by 'some facts' 'whether any evidence at all' supports the action taken by prison officials.") Even if Burson's admissions before both the UDC and the DHO were discounted, the decision of the DHO is still supported by some evidence, *e.g.*, Officer Comer's report in the IR of the discovery of the stamps hidden in Burson's belongings, the photographs of the stamps themselves, and Burson's written acknowledgment of ownership of the stamps on the confiscation form.

Finally, Burson claims the IR was issued vindictively because it was a "stacked IR," *i.e.*, it cited two Code violations for his possession of the stamps. In his petition, Burson's supporting facts on this ground state that but for the "stacked" nature of the IR, he would not have lost good conduct time. This conclusory allegation is insufficient to establish a claim of retaliation, Burson was required to prove more than just a personal belief that he was the victim of retaliation. *Ladner v. Woodall*, 2014 WL 29114, at *9 (S.D. Miss. January 3, 2014) (citing *Johnson v. Rodriguez*, 110 F.3d 299, 310 (5th Cir. 1997)). Not only has Burson failed to present any evidence to support a claim of retaliation, he has admitted the facts stated in the IR. And, as previously stated, forfeiture of good-conduct time is an available sanction for violation of either

one of the Codes listed on the IR. 28 C.F.R. § 541.3. The undersigned finds Burson's argument both factually baseless and legally wrong.

The undersigned finds no due process violation in the disciplinary proceedings in this case, and the record before the Court contains evidentiary support for the DHO's decision.

## RECOMMENDATION

Based on the foregoing, the undersigned recommends that Burson's petition for habeas relief be dismissed with prejudice.

## NOTICE OF RIGHT TO APPEAL/OBJECT

After being served a copy of a Report and Recommendation, a party has 14 days to serve on the other parties, submit to the assigned District Judge, and file with the clerk of court his written objections to the Report and Recommendation. The objecting party must specifically identify the findings, conclusions, and recommendations to which he objects; the District Court need not consider frivolous, conclusive, or general objections. An opposing party has seven days after being served with objections, to serve and file a response or to notify the District Judge he does not intend to respond to the objections. Except on grounds of plain error, a party cannot attack on appeal any proposed factual finding or legal conclusion accepted by the District Court to which he did not timely file objections. *Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996).

Signed, this the 22nd day of May, 2017.

/s/ *Robert H. Walker*
ROBERT H. WALKER
UNITED STATES MAGISTRATE JUDGE